L. Trevor Grimm, Esq.
State Bar No. 186801
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
23rd Floor at Figueroa Tower
660 S. Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Email: ltg@mmker.com

Attorneys for Defendants
COUNTY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANTONIO SAPIEN,

    Plaintiff,

vs.

COUNTY OF LOS ANGELES, A MUNICIPAL CORPORATION; CITY OF WHITTIER, A MUNICIPAL CORPORATION, AND DOES 1-10, inclusive,

    Defendants.

Case No.: CV05-4223 DDP PJWX

ANSWER OF COUNTY OF LOS ANGELES TO COMPLAINT; DEMAND FOR JURY TRIAL

  Comes now, defendant COUNTY OF LOS ANGELES, answering plaintiff's COMPLAINT on file herein, admit, deny and allege as follows:

  1. Answering paragraph 44, Defendant denies the allegations contained therein.

  2. Answering paragraph(s) 3, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 21, 22, 24, 26, 27, 28, 29, 30, 31, 32, 36, 41, 42, 43, 45, 46, 47, 48, 49, 51, 56, 57, 58, 59, 60, 61, 62, 63, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, this defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and

on that basis denies the allegations.

3. Answering paragraph 1, this defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Plaintiff seeks declaratory and injunctive relief to prevent the Defendants from engaging in false arrests, illegal searches, seizures, detentions, and use of excessive force in violation of the United States Constitution and our nation's civil right laws. However, it is not admitted that any violation of law by deputies occurred in this case. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §1331 and 1343.

4. Answering paragraph 2, this defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: All of the events giving rise to the claims alleged in this Complaint arose in Los Angeles County. Venue therefore lies in the United States District Court for the Central District of California.

5. Answering paragraph 18, this defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Plaintiff Antonio Sapien was a passenger in a vehicle in the City of Norwalk, California.

6. Answering paragraph 19, this defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: The Los Angeles County Sheriff's Department Officers and City of Whittier Police Department Officers fired several rounds from their service revolvers, striking plaintiff, Antonio Sapien. However, it is not admitted that any violation of law by deputies occurred in this case.

7. Answering paragraph 23, this defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Plaintiff contends his constitutional rights were violated and that the violations were pursuant to customs, patterns, practices and policies of Whittier. However, it is not admitted that any violation of law by deputies occurred in this case.

8. Answering paragraph 25, this defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: At all times herein mentioned, defendant County, the County of Los Angeles Sheriff's Department had the duty:

    a. to investigate the background and suitability of applicants to become law enforcement officers and to screen out unsuitable applicants who in the Sheriff's Department's opinion had demonstrated a propensity for use of excessive force, who had demonstrated a propensity for use of excessive force, who had demonstrated racially discriminatory behavior against arrestees, making illegal arrests and detentions, and a propensity to falsify evidence.

    b. to notify the Los Angeles County District Attorney's Office of allegations supported by sufficient evidence of criminal misconduct by County deputies;

    c. to impose disciplinary sanctions where in the Sheriff's Department's opinion it is appropriate, including reprimand, suspension or firing of County of Los Angeles Sheriff's Department deputies found to have used excessive force or who have exhibited racially discriminatory behavior against arrestees and made illegal detentions and arrests;

    d. to train County of Los Angeles Sheriff's Department deputies to respect and protect the federal constitutional and California constitutional and statutory rights of citizens, detainees and arrestees and to avoid discriminatory behavior against arrestees;

e. to supervise County of Los Angeles Sheriff's Department deputies to avoid violation of state or federal constitutional rights.

f. to supervise County of Los Angeles Sheriff's Department deputies to respect and protect the federal constitutional and California constitutional and statutory rights of citizens, detainees and arrestees;

g. to discipline, when in the Sheriff's Department's opinion it is appropriate, deputies who had demonstrated a propensity to use excessive force, a propensity to make illegal arrests and detentions, who had demonstrated racially discriminatory behavior against arrestees and propensity to falsify evidence;

h. to refrain from the use of excessive force, making illegal arrests and detentions, and falsification of evidence.

9. Answering paragraph 33, this defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Plaintiff suffered bodily harm.

10. Answering paragraph 34, this defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Plaintiff is informed and believes and thereon alleges that defendants, and each of them will continue in their unlawful conduct, unless and until restrained by this Court. Therefore, plaintiff requests the following injunctive relief: Permanently enjoin defendants and their agents, employees and successors, and all persons in active conduct or participation with defendants, from engaging in future assaults, unlawful detentions, searches, seizures and detentions, falsification of evidence and false arrest. However, it is not admitted that any violation of law by deputies occurred in this case.

11. Answering paragraph(s) 35, this defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis

G:\docsdata\ltg\Sapien(2)\Answer

1  denies the allegations, except for the following allegations which are admitted:
2  Plaintiff is seeking recovery of general damages in an amount in excess of
3  $75,000.00. However, it is not admitted that plaintiff is entitled to any recovery of
4  damages.

5      12. Answering paragraph 38, this defendant lacks sufficient information and
6  belief upon which to answer the allegations contained therein, and on that basis
7  denies the allegations, except for the following allegations which are admitted:
8  Plaintiff Antonio Sapien was a passenger in a vehicle in the City of Norwalk,
9  California.

10     13. Answering paragraph 39, this defendant lacks sufficient information and
11 belief upon which to answer the allegations contained therein, and on that basis
12 denies the allegations, except for the following allegations which are admitted: The
13 Los Angeles County Sheriff's Department Officers and City of Whittier Police
14 Department Officers fired several rounds from their service revolvers, striking
15 plaintiff, Antonio Sapien.

16     14. Answering paragraph 50, this defendant lacks sufficient information and
17 belief upon which to answer the allegations contained therein, and on that basis
18 denies the allegations, except for the following allegations which are admitted:
19 Plaintiff is seeking recovery of general damages in an amount in excess of
20 $75,000.00. However, it is not admitted that plaintiff is entitled to any recovery of
21 damages in this case.

22     15. Answering paragraph 53, this defendant lacks sufficient information and
23 belief upon which to answer the allegations contained therein, and on that basis
24 denies the allegations, except for the following allegations which are admitted:
25 Plaintiff Antonio Sapien was a passenger in a vehicle in the City of Norwalk,
26 California.

27     16. Answering paragraph 54, this defendant lacks sufficient information and
28 belief upon which to answer the allegations contained therein, and on that basis

denies the allegations, except for the following allegations which are admitted: The Los Angeles County Sheriff's Department Officers and City of Whittier Police Department Officers fired several rounds from their service revolvers, striking plaintiff, Antonio Sapien.

17. Answering paragraph 65, this defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Plaintiff Antonio Sapien was a passenger in a vehicle in the City of Norwalk, California.

18. Answering paragraph 66, this defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: The Los Angeles County Sheriff's Department Officers and City of Whittier Police Department Officers fired several rounds from their service revolvers, striking plaintiff, Antonio Sapien.

19. Answering paragraphs 4, 7, 20, 40, 55, 67, this defendant admits the allegations contained therein.

20. Answering paragraphs 37, 52, 64, which incorporate by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

FIRST AFFIRMATIVE DEFENSE

21. The complaint fails to state a cause of action against defendant COUNTY OF LOS ANGELES.

SECOND AFFIRMATIVE DEFENSE

22. At the time and place of the occurrence alleged in the complaint, plaintiff failed to exercise ordinary care on his own behalf for his own safety. That

negligence caused the injury and damage, if any, that he sustained. Consequently, plaintiff's right to recover should be diminished by his proportional share of fault.

### THIRD AFFIRMATIVE DEFENSE

23. Plaintiff has failed to mitigate the damages, if any, which plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

### FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff's cause of action for negligence is barred or plaintiff's recovery should be reduced because any injuries or damages were proximately caused by the negligence and other legal fault of persons or entities other than defendant.

### FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff's cause of action for assault and battery/excessive force is barred because any force used by defendants was privileged as being reasonably necessary for self-defense.

### SIXTH AFFIRMATIVE DEFENSE

26. The plaintiff's cause of action for assault and battery/excessive force is barred because any force used by defendants was privileged as being reasonably necessary for the lawful defense of third parties.

### SEVENTH AFFIRMATIVE DEFENSE

27. The plaintiff's cause of action for assault and battery/excessive force is barred because defendants used reasonable force in making a lawful arrest.

G:\docsdata\ltg\Sapien(2)\Answer

### EIGHTH AFFIRMATIVE DEFENSE

28. The plaintiff's cause of action for assault and battery/excessive force is barred because the plaintiff knew or should have known he was being arrested and had a duty to refrain from resisting such arrest.

### NINTH AFFIRMATIVE DEFENSE

29. The plaintiff's cause of action for assault and battery/excessive force is barred because any force used by defendants was privileged as necessary to effect the arrest, to prevent an escape and/or to overcome resistance.

### TENTH AFFIRMATIVE DEFENSE

30. The plaintiff's cause of action of false arrest is barred because the arrest was made by a peace officer who had reasonable and probable cause to believe that plaintiff had committed a public offense in his presence or had committed a felony.

### ELEVENTH AFFIRMATIVE DEFENSE

31. The plaintiff's claim under the Federal Civil Rights Act is barred because common law causes of action do not constitute cognizable claims under 42 U.S.C. § 1983.

### TWELFTH AFFIRMATIVE DEFENSE

32. The plaintiff's claim under the Federal Civil Rights Act is barred because the alleged deprivation of civil rights was not without due process of law.

### THIRTEENTH AFFIRMATIVE DEFENSE

33. The plaintiff's claim under the Federal Civil Rights Act is barred because negligent conduct is insufficient to constitute a violation of rights.

G:\docsdata\ltg\Sapien(2)\Answer

## FOURTEENTH AFFIRMATIVE DEFENSE

34. The plaintiff's claim under the Federal Civil Rights Act is barred because the alleged violation of civil rights did not occur pursuant to a governmental policy or custom.

## FIFTEENTH AFFIRMATIVE DEFENSE

35. The plaintiff's claim under the Federal Civil Rights Act is barred because there is no doctrine of respondeat superior.

## SIXTEENTH AFFIRMATIVE DEFENSE

36. The defendants are immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate.

## SEVENTEENTH AFFIRMATIVE DEFENSE

37. The defendants are immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that their acts and conduct were appropriate.

## EIGHTEENTH AFFIRMATIVE DEFENSE

38. The defendants are immune from liability under the Federal Civil rights Act because their conduct did not violate clearly established rights.

## NINETEENTH AFFIRMATIVE DEFENSE

39. Any claim for punitive damages against a public entity is barred because public entities are not liable for punitive damages

## TWENTIETH AFFIRMATIVE DEFENSE

40. Plaintiffs' claims for unreasonable seizure are barred because the arrest was pursuant to a valid arrest warrant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

41. Plaintiff's civil rights claims are barred pursuant to the case of Heck v. Humphrey.

WHEREFORE defendant COUNTY OF LOS ANGELES prays that plaintiff take nothing by this action and that defendant COUNTY OF LOS ANGELES be awarded costs and all other just relief.

Dated: August 16, 2005

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: _____
L. Trevor Grimm, Esq.
Attorneys for Defendant,
COUNTY OF LOS ANGELES

G:\docsdata\ltg\Sapien(2)\Answer

## DEMAND FOR JURY TRIAL

Defendant COUNTY OF LOS ANGELES hereby demands trial of this matter by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated: August 16, 2005

                MANNING & MARDER
                KASS, ELLROD, RAMIREZ LLP

                By: _____
                      L. Trevor Grimm, Esq.

Attorneys for Defendant,
COUNTY OF LOS ANGELES

G:\docsdata\ltg\Sapien(2)\Answer

11

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 660 S. Figueroa Street, 23rd Floor, Los Angeles, California 90017.

On **August 17, 2005**, I served the document described as ANSWER OF COUNTY OF LOS ANGELES TO COMPLAINT; DEMAND FOR JURY TRIAL on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**LEO JAMES TERRELL, ESQ.**
**LAW OFFICES OF LEO JAMES TERRELL**
**8383 Wilshire Boulevard, Suite 920**
**Beverly Hills, California 90211**
**Phone (323) 655-6805; Fax (323) 655-5104**

☒ **(BY MAIL)** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I placed such envelope with postage thereon prepaid in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE)** I telecopied such document to the offices of the addressee at the following fax numbers: **(323) 655-5104**

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 17, 2005, at Los Angeles, California.

_____
*Adriana Alvarado*

Sapien v. County of LA
Our File No. 380-20985